UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRIAN SHIFRIN and MELANIE SHIFRIN,          )
     *Plaintiffs*,                                      )
                                                      )
     *vs.*                                            )          1:12-cv-01011-JMS-DKL
                                                      )
LIBERTY MUTUAL INSURANCE,                    )
     *Defendant*.                                     )

## ORDER[1]

Presently pending before the Court are: (1) a Motion to Reconsider/or Mediate Dispute Based on Newly Discovered Evidence filed by *pro se* Plaintiffs Brian Shifrin and Melanie Shifrin (the "Shifrins"), [Filing No. 115]; (2) a Motion to Reconsider/Mediate Dispute Based on Excusable Neglect filed by the Shifrins, [Filing No. 116]; and (3) a Motion for Extension of Time for Filing a Notice of Appeal filed by the Shifrins, [Filing No. 117]. The Court has reviewed the motions and concluded they should be denied, so has not waited for a response. Further, given the pendency of the motion seeking an extension of time to file an appeal, the Court found no reason to delay.

## I.
### BACKGROUND

This case involves an insurance coverage dispute between the Shifrins, whose home was damaged during a tornado in February 2011, and Defendant Liberty Mutual Insurance ("Liberty"), the Shifrins' homeowners insurance carrier at the time. [*See* Filing No. 113, at ECF pp. 3-11.] The Shifrins filed two Motions for Reconsideration after the Court granted Liberty's Mo-

---

[1] As part of the Court's pilot program regarding hyperlinking in Court filings, this Order contains hyperlinks to documents previously filed in this case, and to legal authority. Instead of the citation format "dkt. __ at __" used previously in this case, the Court now uses "Filing No. __, at ECF p. __" as its citation format.

tion for Summary Judgment, denied the Shifrins' Cross-Motion for Summary Judgment, and entered judgment in favor of Liberty. [Filing No. 113; Filing No. 114.]

## II.
### DISCUSSION

### A. Motions to Reconsider

The Shifrins bring their Motion to Reconsider Based on Newly Discovered Evidence, [Filing No. 115], under Federal Rules of Civil Procedure 59(e), 59(a)(2), and 60(b), and their Motion to Reconsider Based on Excusable Neglect, [Filing No. 116], under Rule 60(b). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1983), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *see also Spencer County Redevelopment Comm'n v. AK Steel Corp.*, 2011 U.S. Dist. LEXIS 7985, *4 (S.D. Ind. 2011).

Affording relief through granting a motion for reconsideration brought pursuant to Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," which "'is not demonstrated by the disappointment of the losing party'; rather, '[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *United States v. ITT Educ. Servs.*, 2012 U.S. Dist. LEXIS 10512, *23-24 (S.D. Ind. 2012) (citations omitted).

Under Rule 60(b), reconsideration is appropriate only "where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law occurred, or where significant new facts have been discovered." *Nerds On Call, Inc. (Ind.) v. Nerds On Call, Inc. (Cal.)*, 598 F.Supp.2d 913, 916 (S.D. Ind. 2008). Like motions brought under Rule 59(e), "[r]elief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Rickabaugh v. Stanley Steemer of Evansville, Inc.*, 2012 U.S. Dist. LEXIS 29490, *4 (S.D. Ind. 2012) (citing *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009)). Arguments that the court has already considered and rejected "should be directed to the court of appeals." *ITT Educ. Servs.*, 2012 U.S. Dist. LEXIS 10512 at *24.

### 1. *Motion to Reconsider Based on Newly Discovered Evidence*

In their Motion to Reconsider Based on Newly Discovered Evidence, the Shifrins request that the Court alter, amend, or vacate its judgment in favor of Liberty based on "newly discovered evidence that became available many months after filing the summary judgment final reply." [Filing No. 115, at ECF p. 1.] Specifically, the Shifrins base their motion on a document from the Madison County Assessor which shows, they claim, that the fair market value of their house in 2011 was only approximately $63,000. [Filing No. 115, at ECF pp. 5-6.] They argue that the document shows that "full permanent roof replacement was never a reasonable and necessary repair[;] The true cost of a roof replacement…exceed[ed] the undamaged value [of] the house." [Filing No. 115, at ECF p. 6 (emphasis omitted).]

This "new evidence" does not warrant alteration or amendment of the Court's judgment in favor of Liberty.[2]  First, the Shifrins state that they obtained the document shortly after Ms. Shifrin contacted the assessor on November 19, 2013.  [Filing No. 115-1, at ECF p. 3.]  This was over a month before the Court ruled upon the cross-motions for summary judgment and entered judgment in Liberty's favor.  The Shifrins could have attempted to submit the document for the Court's consideration during that time, but they did not.  *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996) (a motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the…motion").

Additionally, any claim by the Shifrins that they somehow misread the document and thought it indicated that the fair market value of the house was $82,000, [*see* Filing No. 115-1, at ECF p. 3], does not excuse their failure to present it or warrant reconsideration or alteration of the judgment.  And finally, in any event, even if the Court were to consider the document, it would not change its conclusion.  The Court found that the Shifrins did not point to any Policy provision which required Liberty to adjust their claim in its entirety at the outset, so that the house could be "totaled."  [Filing No. 113, at ECF pp. 28-29.]  Any argument that the assessor's document shows that the fair market value of the house exceeded the cost of repairs is, therefore, of no consequence.[3]  Additionally, the fair market value of the house has no bearing on whether

---

[2] In their motion, the Shifrins complain regarding Liberty's discovery responses.  That is an issue to be raised during the litigation, not on a motion for reconsideration, and the Court will not address it now.

[3] This assumes that the assessor's document is even reliable evidence of what the house's fair market value was in 2011, which the Court doubts.  The assessment is for property tax purposes only, and the Court notes that the document indicates the fair market value of the house went up between 2011 and 2013, despite damage from the tornado that still has not been fully repaired. [Filing No. 115-2.]

the Shifrins had a duty to repair the roof. They did have a duty, and they did not satisfy that duty.[4]

Because the assessor's document was not "new," and would not change the Court's decision in any event, the Motion to Reconsider Based on Newly Discovered Evidence is denied.

### 2. Motion to Reconsider Based on Excusable Neglect

The Shifrins appear to assert in their Motion to Reconsider Based on Excusable Neglect that they should be relieved of the judgment against them due to excusable neglect for not submitting proof of repairs Mr. Shifrin made to the roof. [Filing No. 116.] Specifically, Mr. Shifrin submits an affidavit stating that: (1) he "fixed shingles on the corner building," although he does not state when; (2) in April 2011, he patched leaks in the roof; (3) he installed double tarps on the roof; (4) he re-shingled damaged areas and informed Liberty's counsel in August 2012 that he had done so; (5) he re-shingled a "third final area on or about September 15 2012"; (6) he "decided later to further protect [the re-shingled] areas by putting tarps above the shingles (due to concern for decking and strong winds due to house being situated on the top of a hill)"; and (7) "[a]dditional protection tarps were all removed late summer 2013." [Filing No. 116-2, at ECF pp. 3-4.]

The failure of a party to present available evidence in opposition to a summary judgment motion is not "excusable neglect," and the Shifrins have not presented the Court with any reason why it should consider this evidence that was not submitted the first time around. The Shifrins present a convoluted argument that Liberty's Notice to Plaintiff Pursuant to Local Rule 56.1,

---

[4] The Shifrins rehash many of the same arguments they made in their lengthy briefs on the cross-motions for summary judgment. The Court will not address those arguments again here. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion").

[Filing No. 31], did not advise them that Liberty would be able to "prove [a] fact by stating that [it] has no knowledge," [Filing No. 116, at ECF p. 2 (referring to Liberty's claims adjuster's statement that he had no knowledge regarding whether the Shifrins completed the repairs)].  But whether or not the Shifrins repaired the roof has been the crux of this case, and the Shifrins discussed their tarping of the roof at length in their briefs on the cross-motions for summary judgment.  While the Court is mindful that the Shifrins have proceeded *pro se*, it does not find that failing to present evidence of roof repairs was excusable neglect that somehow warrants reconsideration.  *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270 ("Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited"); *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency*, 846 F.Supp. 677, 685 (N.D. Ill. 1994) (a party opposing summary judgment must "wheel out all its artillery to defeat it").

In any event, this evidence of re-shingling performed by Mr. Shifrin would not have impacted the Court's decision on summary judgment.  The key timeframe was right after the damage to the house occurred, and the repairs Mr. Shifrin claims he made – and which he did not address in the summary judgment briefs – all took place long after the February 2011 tornado.  [*See* Filing 116-2, at ECF pp. 3-4 (initial patches to roof took place in April 2011, and re-shingling took place in sections and was not completed until September 2012).]  This evidence does not change the Court's conclusion that the Shifrins did not satisfy their obligation under the policy to have the roof repaired before further damage to the interior of the house could occur.  And, most

significantly, it does not change the Court's conclusion that Liberty has done nothing wrong thus far in the handling of the Shifrins' claim.[5]

The Shifrins' failure to present evidence of repairs Mr. Shifrin made to the roof was not excusable neglect, would not change the Court's decision, and does not warrant reconsideration.

**B. Motion for Extension of Time for Filing a Notice of Appeal**

In their Motion for Extension of Time for Filing a Notice of Appeal, the Shifrins state that they "are in uncharted waters and need more time to prepare," and that they "spent three years maintaining [the] roof, and [Liberty] won because plaintiffs did not have Discovery, counsel not responded to discovery requests, excusable neglect and speculations." [Filing No. 117.]

Federal Rule of Appellate Procedure 4(a)(4) provides that if a party files, among other motions, a motion to alter or amend the judgment under Fed. R. Civ. P. 59 or a motion for relief under Fed. R. Civ. P. 60 (if the Rule 60 motion is filed no later than 28 days after the judgment is entered), then "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4. The Shifrins' Motions to Reconsider tolled their appeal time under Fed. R. App. P. 4. Accordingly, the Shifrins' Motion for Extension of Time for Filing a Notice of Appeal, [Filing No. 117], is **DENIED AS MOOT** because the appeal time has not run, and the deadline for appealing runs anew from the date of this Order.

### III.
### CONCLUSION

For the foregoing reasons, the Shifrins' Motion to Reconsider/or Mediate Dispute Based on Newly Discovered Evidence, [Filing No. 115], and Motion to Reconsider/Mediate Dispute

---

[5] The Shifrins again allude to discovery issues and reiterate arguments already made in connection with the cross-motions for summary judgment in this motion. The Court will not address those issues or arguments in this context.

Based on Excusable Neglect, [Filing No. 116], are **DENIED**.  Additionally, the Shifrins' Motion

for Extension of Time for Filing a Notice of Appeal, [Filing No. 117], is **DENIED AS MOOT**.

**Distribution via ECF only**:

Pfenne Peter Cantrell
KIGHTLINGER & GRAY
pcantrell@k-glaw.com

**Distribution via U.S. Mail**:

BRIAN SHIFRIN
11418 Altamount Dr
Fortville, IN 46040

MELANIE SHIFRIN
11418 Altamount Dr
Fortville, IN 46040