UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN SHIFRIN and MELANIE SHIFRIN, ) | |
|     *Plaintiffs*, ) | |
| ) | |
|     *vs.* ) | 1:12-cv-01011-JMS-DKL |
| ) | |
| LIBERTY MUTUAL INSURANCE, ) | |
|     *Defendant*. ) | |

# ORDER

Presently pending before the Court are: (1) a Motion to Reconsider Order February 12th filed by *pro se* Plaintiffs Brian and Melanie Shifrin ("the Shifrins"), [Filing No. 119]; (2) the Shifrins' Motion to Reconsider, [Filing No. 120]; (3) a Motion to Clarify filed by Mr. Shifrin, [Filing No. 126]; and (4) the Shifrins' Motion to File Amended Notice of Appeal; Points and Authorities in Support, [Filing No. 127].

At the outset, the Court notes that the Shifrins' pending motions contain numerous characterizations of the Court's prior rulings. In many cases the Court disagrees with these characterizations, but will not take the time to address those disagreements unless they are relevant to the pending motions. The Court's prior rulings speak for themselves.

## I.
### MOTIONS TO RECONSIDER

On February 26, 2014, the Shifrins filed two motions to reconsider. [Filing No. 119; Filing No. 120.] The first motion requests that the Court reconsider its February 12, 2014 Order, [Filing No. 118], denying the Shifrins' Motion to Reconsider/or Mediate Dispute Based on New-

ly Discovered Evidence, [Filing No. 115].[1] The Shifrins argue that they did not receive a document from the Madison County Assessor which, they claim, shows that the fair market value of their house in 2011 was only approximately $63,000 until after the Court issued its ruling on Liberty's Motion for Summary Judgment. [Filing No. 119, at ECF pp. 1-2.] Therefore, they argue, they could not have presented the document during briefing of the Motion for Summary Judgment. [Filing No. 119, at ECF p. 2.]

The Court based its denial of the Shifrins' earlier Motion to Reconsider Based on Newly Discovered Evidence in part on its finding that the Shifrins could have presented the document during briefing of the Motion for Summary Judgment, but mainly on its finding that the document did not change its conclusion. [Filing No. 118, at ECF pp. 4-5 ("in any event, even if the Court were to consider the document, it would not change its conclusion. The Court found that the Shifrins did not point to any Policy provision which required Liberty to adjust their claim in its entirety at the outset, so that the house could be 'totaled.'…Any argument that the assessor's document shows that the fair market value of the house exceeded the cost of repairs is, therefore, of no consequence").] Accordingly, the Shifrins' latest claim that they did not have the assessors document during briefing of the Motion for Summary Judgment does not change the Court's earlier decisions granting summary judgment in favor of Liberty and denying the Shifrins' earlier Motion to Reconsider Based on Newly Discovered Evidence.

The Shifrins' second currently-pending Motion to Reconsider, [Filing No. 120], rehashes the arguments already made either in opposition to Liberty's Motion for Summary Judgment or

---

[1] In its February 12, 2014 Order, the Court also denied the Shifrins' Motion to Reconsider/Mediate Dispute Based on Excusable Neglect, [Filing No. 116], and denied as moot their Motion for Extension of Time for Filing a Notice of Appeal, [Filing No. 117]. The Motion to Reconsider Order February 12th, [Filing No. 119], does not request reconsideration of either of those rulings.

in support of their earlier and already-denied motions to reconsider. It does not point to "a significant change in the law" or "new facts [which] have been discovered," or any alleged "error of apprehension" not previously identified in the earlier motions to reconsider. *See [Nerds On Call, Inc. (Ind.) v. Nerds On Call, Inc. (Cal.)](), 598 F.Supp.2d 913, 916 (S.D. Ind. 2008)*; *see also [Holland v. City of Gary](), 2013 WL 1753131, *3 (N.D. Ind. 2013)* (denying motion to reconsider denial of previous motion for reconsideration where "[t]he bulk of Plaintiff's Motion re-raises arguments already ruled on by the Court. There is no newly-discovered evidence or change in the law governing these issues, and Plaintiff…has not identified any error of apprehension by the Court"). As the Court noted in denying the Shifrins' earlier motions to reconsider, arguments that the Court has already considered and rejected "should be directed to the court of appeals." *[United States v. ITT Educ. Servs.](), 2012 WL 266943, *8 (S.D. Ind. 2012)*.

The Court notes that the Shifrins have filed a Notice of Appeal, [[Filing No. 121]()], and the appeal is currently pending before the Seventh Circuit Court of Appeals. This Court will not entertain serial motions to reconsider, and the issues decided by the Court in connection with Liberty's Motion for Summary Judgment and that the Shifrins wish to dispute must now be raised with the Seventh Circuit. *See [Good v. Kvaerner U.S. Inc.](), 2003 WL 23104240, *1, n.1 (S.D. Ind. 2003)* ("A motion to reconsider a ruling denying a motion to reconsider has carried federal civil procedure to new levels of abuse. We trust this will be the last time we will be asked to opine on this matter"). The Shifrins' Motion to Reconsider Order February 12th, [[Filing No. 119]()], and their Motion to Reconsider, [[Filing No. 120]()], are **DENIED**.

## II.
### MOTION TO CLARIFY

Mr. Shifrin filed a Motion to Clarify on March 19, 2014, a week after filing a Notice of Appeal. [*See* [Filing No. 121](); [Filing No. 126]().] In the motion, Mr. Shifrin notes that the Court

stated in its February 12, 2014 Order denying the motions to reconsider that the time to appeal ran from the date of that Order. [Filing No. 126, at ECF p. 1.] Mr. Shifrin goes on to state that the Shifrins never received a "Notice of Final Judgment" in connection with the February 12, 2014 Order, and he requests that the Court "clarify if it was required and if so enter proposed order of judgment included with this motion." [Filing No. 126, at ECF p. 2.]

A denial of a motion for reconsideration is not followed by a judgment. Accordingly, no "Notice of Final Judgment" was issued or mailed to the Shifrins when the Court issued its February 12, 2014 Order, as none was required. The only judgment thus far in this case is the January 9, 2014 Final Judgment Pursuant to Fed. R. Civ. Pro. 58, [Filing No. 114].

### III.
### MOTION TO FILE AMENDED NOTICE OF APPEAL

On March 26, 2014, fourteen days after filing their Notice of Appeal, the Shifrins filed a Motion to File Amended Notice of Appeal; Points and Authorities in Support. [Filing No. 127.] The sole amendment they seek is to clarify that they are husband and wife. [Filing No. 127, at ECF p. 1 ("Plaintiffs request to amend sentence to add *[']Brian Shifrin and Melanie Shifrin, husband and wife and the plaintiffs herein,…, hereby appeal to the….'* Plaintiffs mistakenly assumed because the Notice was filed with the District Court that the relationship between Plaintiffs is known") (emphasis in original).]

The Shifrins do not mention in their Motion to File Amended Notice of Appeal that the Seventh Circuit entered an Order on March 20, 2014 stating: "A preliminary review of the short record indicates that the order appealed from may not be appealable by plaintiff Melanie Shifrin because she did not sign the Notice of Appeal, only plaintiff Brian Shifrin did." [Filing No. 2 in *Shifrin v. Liberty Mutual Insurance*, No. 14-1545.] The Order requires that a brief memorandum

addressing why the appeal should not be dismissed as to Mrs. Shifrin be filed by April 3, 2014. [*Id.*]

In their Motion to File Amended Notice of Appeal, the Shifrins note Fed. R. App. P. 3(c)(2), which states that "[a] pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse…, unless the notice clearly indicates otherwise." While the Court recognizes that the Shifrins are presumably attempting to clarify for the Seventh Circuit that they are husband and wife in hopes that the Notice of Appeal will be deemed signed on behalf of Mrs. Shifrin as well, the Court must deny the Motion to File Amended Notice of Appeal because it is untimely. *Brown v. Ill. Dep't of Pub. Aid*, 2006 U.S. Dist. LEXIS 61686, \*3-4 (N.D. Ill. 2006) (motion for leave to file amended notice of appeal denied where time to appeal had expired and request for extension of time to appeal was not made within 30 days after expiration).

As stated in the Court's February 12, 2014 Order, the Shifrins' first round of motions to reconsider, [Filing No. 115; Filing No. 116], tolled their appeal time under Fed. R. App. P. 4. [See Filing No. 118, at ECF p. 7; Fed. R. App. P. 4(a)(4)(A) (if a party files, among other motions, a motion to alter or amend the judgment under Fed. R. Civ. P. 59 or a motion for relief under Fed. R. Civ. P. 60 (if the Rule 60 motion is filed no later than 28 days after the judgment is entered), then "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion").]

While there are two new motions to reconsider pending, the Court finds that they do not operate to again toll the appeals period. A motion to reconsider brought under Fed. R. Civ. P. 60(b) only extends the time to appeal if it is brought "no later than 28 days after judgment is entered…." Fed. R. App. P. 4(a)(4)(A)(vi). The Shifrins filed the currently-pending motions to reconsider more than 28 days after the January 9, 2014 Judgment. Accordingly, they do not pro-

vide the Shifrins with yet another extension of time to file a Notice of Appeal. *See [Blue v. Internat'l Bhd. Of Electrical Workers Local Union 159, 676 F.3d 579, 583-84 (7th Cir. 2012)](#)* (Fed. R. App. P. 4 "makes it clear that a Rule 60 motion tolls the time for appeal only if it is filed no later than 28 days after judgment is entered….Treating untimely post-trial motions as Rule 60 motions, together with observing Rule 4's requirement that Rule 60 motions be filed within 28 days to toll the notice of appeal filing period, 'enforce[s] the deadlines provided in the Federal Rules of Civil Procedure' and 'set[s] a definite point of time when litigation shall be at an end'"). And, to the extent the pending motions to reconsider could be considered brought under Fed. R. Civ. P. 59(e),[2] they still do not operate to toll the time for filing a Notice of Appeal. *[Andrews v. E.I. Du Pont De Nemours, 447 F.3d 510, 515 (7th Cir. 2006)](#)* ("A party may not continue to file Rule 59(e) motions in order to forestall the time for appealing; only the first motion stops the clock….A party gets one shot at asking the district court to alter or amend the judgment and then he must move forward with his appeal – at least in the ordinary case").

The Motion to File Amended Notice of Appeal was filed more than thirty days after the Court's February 12, 2014 Order and, accordingly, the Amended Notice of Appeal was not timely filed. While Fed. R. App. P. 4(b)(4) gives the Court some discretion to extend the time to appeal, the Shifrins have not requested an extension of time in their motion nor have they shown the "excusable neglect or good cause" necessary to receive such an extension. [Fed. R. App. P. 4(b)(4)](#). Amending the Notice of Appeal to clarify that Mr. and Mrs. Shifrin are husband and wife may not seem like a significant issue substantively, but ultimately the Court does not have

---

[2] If the currently-pending motions to reconsider were brought under Rule 59(e), they would be considered untimely. [Fed. R. Civ. P. 59(e)](#) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

the authority to grant the motion because the time for appealing has expired. Accordingly, the Motion to File Amended Notice of Appeal, [Filing No. 127], is **DENIED**.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** the Shifrins' Motion to Reconsider Order February 12th, [Filing No. 119], and the Motion to Reconsider, [Filing No. 120]. Further, the Court **GRANTS** Mr. Shifrin's Motion to Clarify, [Filing No. 126], to the extent that it has addressed and answered the questions raised in the motion. Finally, the Court **DENIES** the Shifrins' Motion to File Amended Notice of Appeal, [Filing No. 127].

The Court reminds the Shifrins that any further issues related to the January 9, 2014 Judgment and the post-judgment motions must be raised as part of their Seventh Circuit appeal, and not with this Court.

**Distribution via ECF only:**

Pfenne Peter Cantrell
KIGHTLINGER & GRAY
pcantrell@k-glaw.com

**Distribution via U.S. Mail:**

BRIAN SHIFRIN
11418 Altamount Dr.
Fortville, IN 46040

MELANIE SHIFRIN
11418 Altamount Dr.
Fortville, IN 46040